JOHN GUDZ, Plaintiff, *v.* JOHN R. GOOD et al., Defendants.

Supreme Court, Special Term, Albany County, May 3, 1952.

*Dugan, Barkhuff & Dugan* for John R. Good, defendant.

*Halter & Sullivan* for plaintiff.

ELSWORTH, J. This action is brought to recover damages for injuries sustained by the plaintiff while riding as a passenger in an automobile owned and operated by the defendant Good

who is the plaintiff's son. Negligence is charged against all three defendants. The cause of action arises out of the following factual situation: A cow, running loose, owned by the defendant Cross entered the public highway upon which the son's vehicle was traveling, thereby allegedly causing it to change course and collide with a motor vehicle of the defendant Pryor.

The plaintiff father has served a notice of examination before trial on the defendant John R. Good, his son, who by this motion seeks to vacate the same on the grounds (1) that the blood relationship in and of itself existing between the parties should preclude its allowance (2) that the close association of the parties creates a presumption that they have discussed the accident in detail and (3) that an examination under the circumstances here presented is contrary to public policy.

An examination of a son by a father is in no way barred by express provision contained in the pertinent statutes and rules. So the question here presented is whether an examination before trial of parties in that close blood relationship is so inherently dangerous and wrongful as to provoke judicial legislation, exercised under the guise of discretion, barring the same.

The fact that the parties are father and son does not outlaw this litigation between them. If our law sanctions the suit, then no sound reason presents itself why the parties should not be afforded all the procedural remedies available generally to the suit. Even if the parties have discussed the facts of the action — which plaintiff denies — such a discussion is no tenable objection against the right of the examination sought. Discussion brought about by the close relationship of the parties is not tantamount to a presumption of fraud and collusion simply because of such relationship. One who perpetrates fraud and collusion, or participates therein, should of course forfeit any right to an examination, but conclusive presumption that fraud and collusion are present cannot properly be drawn merely from the existence of the close relationship of these parties.

If this action goes to trial, it would seem mandatory that the defendant with whom this motion is concerned would be called upon to testify in making a proper defense on his behalf. Eventually, therefore, in the ordinary course of events, his version of the happening of the accident must become a matter of record under oath. The accomplishment of that fact in advance of trial does not appear in conflict with public policy which fails itself to frown upon the maintenance of the action. Furthermore, a right of cross-examination nonexistent upon the trial

unless the plaintiff called the son as a witness, is available to the son's counsel upon the proposed examination (Rules Civ. Prac., rule 129-a).

The defendant in seeking to vacate relies largely on *Minsky* v. *Leibowitz* (200 Misc. 900). For the reasons stated above, that decision is not found controlling here and the motion to vacate is denied.

Submit order, which may fix anew the time and place of the examination and before whom the same is to be held.